UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN T. POWERS, JR.,

                         Plaintiff,

      -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY TRAFFIC AND PARKING VIOLATION AGENCY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER "JOHN" WEISS, said first name being a fictitious name, the true name being unknown to the Plaintiff, being and intended to be an unknown Suffolk County Police Officer, both in his individual and official capacity, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and "JOHN DOE", said name being a fictitious name, the true name being unknown to the Plaintiff, being and intending to be an unknown Deputy Sheriff of the Suffolk County Sheriff's Department, both in his individual and official capacity and LOU RE,

                       Defendants.
------------------------------------------------------------------------X

Civil Case No.: 15-cv-5116
(LDW) (ARL)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND SUMMONS AND COMPLAINT

HAROLD A. STEUERWALD, LLC.
Attorney for Plaintiff
By: Harold A. Steuerwald, Esq.
112 South Country Road, Suite 116
Bellport, New York 11713
Tel. No.: (631) 286-0800

SCOTT LOCKWOOD, ESQ.
Co-Counsel for Plaintiff
1476 Deer Park Avenue, Suite 3
North Babylon, New York 11703
Tel. No.: (631) 242-3369

# TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES | - ii - |
| PRELIMINARY STATEMENT | 1 |
| PROCEDURAL HISTORY | 1 |
| STATEMENT OF FACTS | 1 - 3 |
| ARGUMENT | 3 - 4 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page**

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 494 F.3d 566 (2nd Cir., 2005)     4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)     4

*Bahl v. New York Coll. of Osteopathic Med.*, 14 Civ. 4020, 2015 U.S. Dist. LEXIS 98826 (E.D. N.Y. July 28, 2015)     3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)     4

*Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134 (E.D.N.Y. 1998)     4

*Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122 (2nd Cir. 2008)     3 - 4

*Florida Bar v. Went for It, Inc.,* 515 U.S. 618 (1995)     4

*MHANY Management Inc. v. County of Nassau*, 843 F.Supp.2d 287 (E.D.N.Y. 2012)     4

*Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647 (2nd Cir., 1987)     4

## PRELIMINARY STATEMENT

The Plaintiff, John T. Powers, Jr., submits this Memorandum of Law in support of his application to amend his Summons and Complaint pursuant to Federal Rules of Civil Procedure Law 15(a). The Plaintiff is seeking to amend his Complaint to add claims relating to the infringement of and suppression of attorney free speech in violation of the First Amendment of the United States Constitution for the above matter. The Plaintiff is also seeking to add Paul J. Margiotta, Esq. and Adam S. Halpern, Esq. who are both employees of the County of Suffolk and The Suffolk County Traffic and Parking Violations Agency as Defendants to the above captioned matter. In addition, the Plaintiff is seeking to amend his Complaint to correctly identify the Defendant, Suffolk County Police Officer "John" Weiss as Anthony Weiss.

## PROCEDURAL HISTORY

This action was commenced on September 2, 2015 through the filing of a Summons and Complaint with the Clerk of the Court. A scheduling Order was entered on December 1, 2015. That order provided that the "[d]eadline for commencement of motion practice for joinder of additional parties or amendment of pleadings" was to be March 2, 2016.

On March 2, 2016, Plaintiff submitted an application to Magistrate Judge Arlene R. Lindsay, requesting leave to amend the Summons and Complaint. This application was denied by oral decision of Magistrate Lindsay on July 14, 2016. The Magistrate advised that the application was to be made to the Presiding Judge in this matter, the Hon. Leonard D. Wexler, United States District Court Judge. Plaintiff now submits this application seeking leave to amend.

## STATEMENT OF FACTS

The following facts are taken from the allegations contained in the Plaintiff's Complaint and proposed Amended Complaint which have been submitted with the within application.

The Plaintiff, John T. Powers, Jr., is an attorney duly admitted to practice law in the State of New York. On the morning of June 6, 2014 Mr. Powers appeared at the Suffolk County Traffic and Parking Violations Agency on behalf of a client for a trial that was previously scheduled for 8:30 a.m. on said date.

1

Upon his arrival, Mr. Powers was informed by John Lynch, Esq., a Traffic Prosecutor for the Suffolk County Traffic and Parking Violations Agency, that the scheduled trial was not ready as they were waiting for the arrival of the Complainant Suffolk County Police Officer. As Mr. Powers had a Conference scheduled that morning before the County Court in Riverhead, New York, he advised Traffic Prosecutor Lynch that he would leave to conduct said Conference and that he would promptly return to the Suffolk County Traffic and Parking Violations Agency in the hopes of proceeding with the scheduled trial. Mr. Powers gave Traffic Prosecutor Lynch his cell phone number if he needed to contact him in regard to the matter that was scheduled on said date prior to his return.

Thereafter, Traffic Prosecutor Lynch, on behalf of the Suffolk County Traffic and Parking Violations Agency while Mr. Powers was in route back from County Court, and without contacting Mr. Powers via his cell phone, went on the record and entered a default judgment against Mr. Power's client.

Upon learning what happened on his way back from County Court in Riverhead, Mr. Powers arrived on the above date at approximately 11:45 a.m. at the Suffolk County Traffic and Parking Violations Agency to speak with Adam S. Halpern, Esq., a Traffic Prosecutor for the Suffolk County Traffic and Parking Violations Agency, in order to have his client's case called on the record. Mr. Halpern was in the lobby of the Suffolk County Traffic and Parking Violations Agency on his cell phone when Mr. Powers approached him and asked if he could speak with him when he finished with his telephone call about having the case placed on the record. The Plaintiff has subsequently learned that Mr. Halpern was on his cell phone with Paul J. Margiotta, Esq. Mr. Halpern thereafter informed Mr. Powers that he could not go on the record about the case that he was inquiring about as said matter had been adjudicated in Mr. Powers absence earlier that day.

Mr. Powers proceeded to express his displeasure to Mr. Halpern in regard to the aforementioned matter and upon taking several steps toward Mr. Halpern in order to discuss the issue with him, he was accosted by two (2) security guards employed by the Suffolk County Traffic and Parking Violations Agency and by Suffolk County Police Officer Anthony Weiss who thereafter forcibly touched Mr. Powers, physically moving and shoving him against a wall and forcing his hands behind his back whereby Suffolk County Police Officer Weiss placed Mr. Powers in handcuffs. Mr. Powers was then removed to a back room where he was interrogated and placed in a jail cell by Suffolk County Police Officer Weiss and a Deputy Sheriff of the Suffolk County Sheriff's Department, which cell was in plain view of anyone walking

2

in the hallway of the Suffolk County Traffic and Parking Violations Agency as the door to said room was left open whereby judges, security personnel, administrative personnel, citizens and other attorneys were able to observe the Plaintiff seated in a chair, handcuffed, in a jail cell where he remained for approximately fifteen (15) minutes.

At the time that Mr. Powers was unlawfully detained, arrested and imprisoned he was exercising his constitutional right of free speech and discharging his ethical obligation as an attorney to advocate on behalf of his client. Mr. Powers was unlawfully detained, arrested and imprisoned in retaliation for exercising his constitutionally protected right of free speech when he attempted to advocate on behalf of his client. From the moment of his arrest until his release from custody Mr. Powers was detained and confined against his will. There was no warrant for the arrest of Mr. Powers, no probable cause for his arrest and no legal cause excuse to seize Mr. Powers on said date. At no time was Mr. Powers charged with any crime and he was subsequently released.

Mr. Powers subsequently learned from a fellow attorney who overhead a conversation at the Suffolk County Traffic and Parking Violations Agency days before the above incident between Adam S. Halpern, Esq. and one of the security guards involved in the above incident, the Defendant Lou Re, that Mr. Powers was being targeted for his behavior on a prior occasion.

## ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings and provides, in the relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave". That rule further provides that in determining such an application, "[t]he court should freely give leave when justice so requires", Fed. R. Civ. P. 15(a)(2). Although leave to amend is within the discretion of the Court, it has been held that no leave to amend should be granted when amendment would be futile, would cause undue prejudice to the non-moving party, or is sought in bad faith. See, e.g., *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2nd Cir. 2008).

"The standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss - namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Bahl v. New York Coll. of Osteopathic Med.*,

14 Civ. 4020, 2015 U.S. Dist. LEXIS 98826, at 15 (E.D. N.Y. July 28, 2015). The movant must therefore satisfy the *Iqbal-Twombly* standard and plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Second Circuit has routinely granted such leave to amend. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 494 F.3d 566 (2nd Cir., 2005); *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647 (2nd Cir., 1987). This Court has similarly adhered to the same standard under Fed. R. Civ. P. 15(a). *MHANY Management Inc. v. County of Nassau*, 843 F.Supp.2d 287 (E.D.N.Y. 2012). This Court noted in *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134 (E.D.N.Y. 1998) that "[a]mendments are generally favored because they tend to facilitate a proper decision on the merits." (citation omitted).

In the case at bar, the deposition of Mr. Powers, the Plaintiff, was undertaken in May of 2016, so the Defendants were informed of the proposed amendments well in advance of the depositions, and were provided with a full opportunity to examine Mr. Powers on these issues. In addition, since the additional claims arises out of the same facts and circumstances as the incidents set forth in the Complaint, there can be no claim of prejudice. A lack of prejudice is also manifest since the proposed additional parties are also employees of the institutional defendants, the County of Suffolk and the Suffolk County Traffic and Parking Violations Agency. Hence, the attorneys for the additional parties will be the same as for the named, appearing parties.

Hence, on these facts, Defendants cannot show prejudice.

With respect to the *Iqbal-Twombly* standard, the Complaint sets forth that Mr. Powers was advocating on behalf of his client at the time he was arrested. As the Supreme Court has noted, the First Amendment "will accord speech by attorneys on public issues and matters of legal representation the strongest protection our Constitution has to offer" *Florida Bar v. Went for It, Inc.*, 515 U.S. 618, 634-35 (1995).

It is respectfully set forth that Plaintiff has set forth a plausible cause of action.

## CONCLUSION

Based upon the foregoing reasons and authorities, it is respectfully requested that this Court issue an Order permitting the Plaintiff to amend his Summons and Complaint to add Paul J. Margiotta, Esq. and Adam S. Halpern, Esq. as party Defendants, to add a cause of action based upon a violation of the Plaintiff's First Amendment Rights, to amend the Complaint to correctly identify the Defendant, Suffolk County Police Officer "John" Weiss as Anthony Weiss and for such other and further relief as this Court deems just and proper.

Dated: Bellport, New York
       October 3, 2016

                                            HAROLD A. STEUERWALD (HS 4761)