FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 06 2017 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN T. POWERS, JR.,

                         Plaintiff,

      -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
TRAFFIC AND PARKING VIOLATIONS
AGENCY, SUFFOLK COUNTY POLICE
OFFICER ANTHONY WEISS, and LOU RE,

                         Defendants.
------------------------------------------------------------X

ORDER

CV 15-5116
(Wexler, J.)

WEXLER, District Judge:

Plaintiff John T. Powers has moved for leave to amend his complaint to add two defendants and an additional cause of action. *See* Motion, Docket Entry ("DE") [27]. The motion was referred to Magistrate Judge Arlene R. Lindsay, and by Report and Recommendation ("R&R") dated May 1, 2017, Judge Lindsay recommended that Plaintiff's motion be denied. *See* R&R, DE [29]. Currently before the Court are plaintiff's objections to the R&R. *See* Objections ("Obj."), DE [31]. For the reasons set forth herein, the R&R is adopted in its entirety and plaintiff's motion to amend is denied.

## I. BACKGROUND

Familiarity with the facts as set forth in the R&R is assumed. In brief, on June 6, 2014, plaintiff, in his role as an attorney admitted to practice in the State of New York, was appearing on behalf of a client at the Suffolk County Traffic and Parking Violations Agency (the "Agency"). He approached Agency prosecutor Adam Halpern to discuss his client's case. Halpern, who was on the phone, advised plaintiff that his client's case had already been adjudicated. Plaintiff alleges "[u]pon information and belief" that Halpern was conversing on the phone with Paul J. Margiotta, the Executive Director of the Agency. Voices were raised and security guards approached. Plaintiff was handcuffed, questioned, and detained for

approximately 35-45 minutes[1] by security before he was told that no one had filed any charge against him and that he was free to leave.

Plaintiff filed a complaint against the County of Suffolk and the security guards for unreasonable seizure, false arrest, and imprisonment. Plaintiff now seeks to add a cause of action for violation of his First Amendment right of free speech, and further seeks to add Halpern and Margiotta as defendants in both their individual and official capacities.

## II. DISCUSSION

### A. Legal Standards

The district court conducts a *de novo* review of any portions of an R&R to which a party has made timely objections. *See* FED. R. CIV. P. 72(b)(3). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Leave to amend pleadings is freely given and should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)). A proposed new claim is futile if it cannot withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6). Thus, plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "formulaic recitation of the elements of cause of action will not do," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Here, plaintiff seeks to amend his complaint to add a claim and to add two party defendants. Judge Lindsay recommended that the request be denied as the proposed amendments are futile.

---

[1] According to the Proposed Amended Complaint ("PAC"), DE 27, plaintiff spent approximately 15 minutes in a room, ¶50, approximately 10 minutes in a jail cell, ¶ 52, and an additional 10 minutes uncuffed in a chair. ¶55.

2

## B. Proposed §1983 Claim under the First Amendment

Plaintiff seeks to add a claim that his First Amendment rights were violated "when he attempted to advocate on behalf of his client." PAC ¶60; *see also id.* ¶59 (at the time of his detention, he was "exercising his constitutional right of free speech . . . to advocate on behalf of his client"). In his objections, plaintiff re-iterates that he was detained, handcuffed, and assaulted "while exercising his First Amendment rights on behalf of his client." Obj. at 2. Judge Lindsay found that the addition of a First Amendment claim would be futile, citing the Second Circuit's conclusion that there is no constitutional protection for "the lawyer's generic act of pursuing litigation on behalf of any client." *Jacoby & Meyers v. Presiding Justices of the First, Second, Third & Fourth Dep'ts, Appellate Div. of the Supreme Court of N.Y.*, 852 F.3d 178, 187 (2d Cir. 2017). Plaintiff objects to this finding.

Plaintiff's objections are unavailing. It is clear that under some circumstances, the attorney may have the same First Amendment rights as the client. Specifically, "[c]lients have First Amendment expressive rights for which litigation may provide a vehicle. When the lawyers' own expressive interests align with those rights, the lawyers themselves may have a cognizable First Amendment interest in pursuing the litigation." *Jacoby & Meyers*, 852 F.3d at 187; *see also id.* at 187-88 (noting that in an earlier case, "we concluded that the individual lawyer held no related First Amendment right to represent the clients in a case not raising other First Amendment concerns." (citing *Bd. of Educ. of City of New York v. Nyquist*, 590 F.2d 1241, 1245–46 (2d Cir. 1979))). Although plaintiff suggests that as an attorney, he has an individual free speech right, his allegations concern only speech made by him on his client's behalf. He shares no "expressive interest" with his client, but rather was engaged only in representation of

the client's interest. A First Amendment claim under these facts is futile, and thus denial of leave to amend to add such a claim is appropriate.

**C. Proposed Addition of Two Defendants**

Plaintiff also seeks to add Halpern and Margiotta as defendants. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. New York State Dep't of Correc. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (internal citation and quotation omitted)). It is also clear that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Achtman v. Kirby, McInerney & Spire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). The only factual allegations in the Proposed Amended Complaint about Halpern and his involvement in the incident are that he informed plaintiff that his client's case could not go forward, PAC ¶36, that he "raised his voice to tell the Plaintiff that the conversation was in essence over," ¶38, and that he "did not intervene and remained on his cell phone" while plaintiff was interacting with the security guards. ¶42. As to Margiotta, plaintiff alleges "[u]pon information and belief" that Margiotta directed Halpern to "deny the Plaintiff's request to have access to the Court record." ¶37. There is no allegation that either Halpern or Margiotta directed the security guards to detain plaintiff

Plaintiff alleges, without any factual support, that the security guards, Halpern and Margiotta were engaged in a "joint venture." The only allegation that arguably supports any conspiracy is his claim that after the events of June 6, 2014, he learned from an unnamed "fellow attorney who had overheard a conversation" at the Agency a few days before the incident "that the Plaintiff was being targeted for his behavior on a prior occasion." PAC, ¶63. Significantly,

plaintiff fails to allege who supposedly participated in this overheard conversation. As such, this allegation does not plausibly support any claim against either Halpern or Margiotta.

Plaintiff's allegations against Halpern and Margiotta are unsupported, speculative, and conclusory, and thus any claim against them would not withstand a Rule 12(b)(6) motion. Accordingly, the motion for leave to join Halpern and Margiotta as named defendants is also properly denied.

### III. CONCLUSION

Having reviewed the parties' submissions in connection with the motion to amend as well as plaintiff's objections and defendants' response, the R&R of Magistrate Judge Lindsay is adopted in its entirety and plaintiff's motion for leave to amend, DE [27], is denied. The parties are reminded that trial of this matter will commence with jury selection **on June 26, 2017 at 9:30 a.m.** in courtroom 940 of the Central Islip courthouse, and are further advised that they should be prepared to commence trial upon completion of the selection.

SO ORDERED.

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
June 6, 2017